UNITED STATES of America, Plaintiff,

v.

**AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee under Trust No. 7501001 dated March 1, 1971, and EES Hickory Associates, Defendants.**

No. 83 C 2613

United States District Court,
N.D. Illinois, E.D.

Oct. 27, 1983.

Dan K. Webb, U.S. Atty. by Mary Anne Mason, Asst. U.S. Atty., John H. Mahoney, Assoc. Reg. Counsel, Dept. of HUD, Chicago, Ill., for plaintiff.

Sheldon Solow, Schwartz & Freeman, Steven P. Handler, Hannafan & Handler, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

In this action the United States sues to foreclose on a federally insured mortgage loan which the Secretary of Housing and Urban Development holds as assignee. Jurisdiction is based on 28 U.S.C. § 1345. Before the court is plaintiff's motion for summary judgment. For the reasons given below, the court grants plaintiff's motion.

There is no serious dispute as to whether defendants are in default on the obligation secured by the mortgage. Plaintiff's uncontroverted exhibits establish the elements of its claim. Exhibits A through I of the Complaint establish the obligation, the security agreements securing it, and the assignment to HUD. The Demitros affidavit, dated October 3, 1983, establishes defendants' default in early 1981, entitling plaintiff to accelerate the note. The Demit-

ros affidavit establishes that, apart from the acceleration, defendants' delinquency as of August 31, 1983 was $1,104,443.10.

Defendants resist plaintiff's motion for summary judgment on the basis of the affirmative defenses raised in their answer. These defenses assert that HUD has failed to pursue alternatives to foreclosure, that foreclosure would harm tenants of the property, and that HUD will not benefit from immediate foreclosure.

■ The court is guided by *United States v. Winthrop Towers,* 628 F.2d 1028 (7th Cir.1980). In that case the Court of Appeals held that under 42 U.S.C. § 1441a HUD's decision to foreclose may be reviewed to determine whether it is consistent with national housing objectives. *Id.* at 1034–35 & n. 3. The standard for review comes from the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and judicial review "should be narrowly limited to the question whether HUD's actions were 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* at 1036. "[O]n a scale of 1 to 9, where 1 represents the narrowest and most constrained discretion and 9 represents unlimited (or unreviewable) discretion, then HUD's discretion in foreclosing a mortgage granted, for example, by a large commercial developer would be somewhere in the area of 7 or 8." *Id.* Defendants have argued that *Winthrop* generally allows broader review than these passages would seem to suggest, but they have not argued that the 7 or 8 appropriate for a large commercial developer would be inappropriate in this case.

■ Defendants' most substantial argument relates to the exploration of alternatives to foreclosure. In May 1982 defendants proposed a workout plan including major repairs to the property. (Donile Aff. ¶ 13) HUD rejected this plan two weeks later. (Donile Aff. ¶ 14.) HUD's rejection letter, dated June 10, 1982 and signed by Vernon A. Washington, adequately explains that the proposed plan provided for unacceptably small payments against defendants' delinquency, and that the delin-

quency would grow, under the plan, to an unacceptable size. Defendants observe that HUD made no counteroffer, but the court agrees with plaintiff that the proposed plan did not necessarily warrant a counteroffer. Defendants were free to make a second proposal. Although defendants did not propose a second workout plan, they did renew a proposal to convert their buildings to condominium ownership. (Donile Aff. ¶¶ 12, 23.) HUD plausibly could have concluded that condominium conversion would not advance national housing goals materially. Finally, some confusion over the timing of a rent increase, possibly attributable to misdirected mail, does not undermine HUD's position.

The court holds that defendants have not raised a genuine issue of fact to support their argument that HUD acted arbitrarily or capriciously, or otherwise abused its discretion, by not exploring alternatives to foreclosure. HUD indicated its reasons for rejecting defendants' workout proposal, and defendants could have made a second proposal responsive to HUD's concerns. HUD was not obligated to formulate its own plan, at least on the facts presented in this case.

■ Defendants' other affirmative defenses also must fail. Defendants argue that they are managing the complex well, but good management is not enough to make foreclosure inappropriate, if a sizable delinquency is accumulating. The same must be said about defendants' demonstrated concern for their tenants' well-being. Defendants' argument that foreclosure would be harmful is supported only by defendants' suggestions for returning to financial stability. (Donile Aff. ¶ 22.)

Although plaintiff is the movant, defendants are in the position of urging that HUD has abused its discretion. Having reviewed the parties' supporting exhibits, the court concludes that defendants have raised no genuine issue as to any material fact. Foreclosure, when appropriate, is part of the statutory scheme, and HUD has not abused its discretion in deciding to fore-

close. In *Winthrop* the Court of Appeals stated explicitly that a summary judgment motion frequently would be an appropriate mechanism for testing affirmative defenses such as those raised in this case. 628 F.2d at 1036. Plaintiff's motion for summary judgment is granted.

Plaintiff shall submit a draft judgment order. The court notes that there has been some confusion as to the proper name of the defendant trust beneficiary. (See, e.g., defendants' memo p. 1 n. 1.) Along with its draft judgment order, plaintiff may present any motion necessary to correct this problem. The court expects that plaintiff and defendants will be able to agree on a solution.

It is so ordered.